UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MR. SHAWN SCHUSTER,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN SHERMER,<br><br>Defendant. | 4:26-CV-04033-RAL<br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

Plaintiff Shawn Schuster filed a pro se lawsuit. Doc. 1. Schuster also filed a motion for leave to proceed in forma pauperis, Doc. 2, and a motion to appoint counsel, Doc. 3.

I.      **Motion for Leave to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Schuster's financial affidavit, this Court finds that Schuster has insufficient funds to pay the filing fee. Thus, Schuster's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

## II.    1915 Screening

### A.    Factual Background as Alleged by Schuster

This Court takes as true the well-pleaded facts alleged in the complaint, but Schuster's allegations neither provide a coherent narrative nor allege a cognizable cause of action. See generally Doc. 1. Schuster's complaint references simulations "made to feel real[,]" id. at 5, 7, 8, 18, various conspiracies, id. at 12, 15, 16, 18, 19, and contains narratives that are nonsensical and seemingly irrelevant, see, e.g., id. at 19 (referencing a "California case where a cope was obsessed with reverse blood flow . . . crossing my bride chamber with my star chambers and after my defense . . . also an xfile out JFKs presidential life . . on what it is that their up to." (ellipses in original)).

The complaint seeks monetary damages of an unspecified amount from Defendant Brian Shermer,[1] the only defendant listed in the complaint. Id. at 1–2, 4. Under the section of the complaint instructing Schuster to state the reasons he believes he is entitled to monetary damages, Schuster provides the statements "Bodilie [sic] Horm [sic]" and "attemped [sic] Murder[.]" Id. at 4.

### B.    Legal Standard

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under § 1915(a), the Court must then determine whether the complaint should be dismissed under § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The Court must

---

[1] Schuster lists Shermer's last known residence or place of business as the penitentiary in Sioux Falls, South Dakota. Doc. 1 at 2. Shermer is presumably an inmate at the South Dakota State Penitentiary. See id. at 16. Additionally, Schuster provides alternate spellings of Shermer's name. See, e.g., id. at 5 (referring to "Brian Schurmer"). This Court uses the spelling used most consistently by Schuster.

2

dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A Court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988) (citing Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed

3

even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal–Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks removed) (quoting Twombly, 550 U.S. at 556).

### C.   Legal Analysis

#### 1.   Lack of Subject-Matter Jurisdiction

Because federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), this Court must consider whether the claims alleged in Schuster's complaint involve a dispute or controversy within its jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A federal court has jurisdiction over two main kinds of cases: "diversity cases—suits between citizens of different States as to any matter valued at more than $75,000. See 28 U.S.C. § 1332(a). And they have power to decide federal–question cases—suits 'arising under' federal law. § 1331." Badgerow v. Walters, 596 U.S. 1, 8 (2022).

Based on the complaint, both Schuster and Shermer appear to be citizens of South Dakota.[2] Doc. 1 at 2. Therefore, Schuster has failed to establish diversity jurisdiction. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) ("diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff").

---

[2] Schuster provides that he resides in Minnehaha County, South Dakota, Doc. 1 at 2, but does not explicitly state that Shermer is a citizen of South Dakota, though he lists the penitentiary in Sioux Falls as Shermer's last known residence or place of business. Id. Regardless, Schuster has failed to meet his burden of establishing the requirements for diversity jurisdiction because he has alleged no facts that Shermer is a citizen of another state. See Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." (citation omitted)).

Schuster also cannot establish federal-question jurisdiction because he does not identify any claims arising "under the Constitution, laws, or treaties of the United States[.]"  28 U.S.C. § 1331.  Even a liberal construction of the complaint leaves this Court unable to identify a federal statute or constitutional provision that Schuster states a claim upon.[3]  See Holloway v. DMV Dep't of Motor Vehicles, No. 8:19CV326, 2019 WL 3554816, at *1 (D. Neb. Aug. 5, 2019) (dismissing a complaint when the complaint was "completely unintelligible and without a factual or legal basis" and when the court could identify "no federal statutory or constitutional provision that would give rise to plausible claim for relief"); see also Murthy v. Missouri, 603 U.S. 43, 67 n.7 (2024) ("[j]udges are not like pigs, hunting for truffles buried [in the record]") (alterations in original) (quoting Gross v. Cicero, 619 F.3d 697, 702 (7th Cir. 2010)).  Therefore, this Court lacks subject-matter jurisdiction over Schuster's complaint.

### 2.    Failure to State a Claim

Even if this Court did have subject-matter jurisdiction over Schuster's complaint, his complaint nonetheless fails to state a claim upon which relief can be granted.  Although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced."  Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).  When a complaint contains "largely unintelligible and incomprehensible allegations [that] fail to provide fair notice of his claims and the grounds upon which they rest[,]" dismissal is appropriate.  Batchelder v. I.N.S., 180 F. App'x 614, 615 (8th Cir. 2006) (per curiam).

Even with a liberal construction of his complaint, Schuster's complaint yields no cognizable claim and does not make clear why he has a civil cause of action against Shermer.  See

---

[3] On the civil cover sheet for his complaint, Schuster describes his cause of action as "Bodily Harm[,]" checked boxes for various personal injury claims, and states that he is filing his suit under South Dakota "marriage statues[.]"  Doc. 1 at 21.

generally Doc. 1. For example, Schuster claims that he was "a witness in Dan Halvorsons murder case for the past nine years Brian shermer with regulators has interviened in a tilted uterus case Shermer is Halverson's friend shermers reeds girl friend which is a man[.]" Id. at 5 (spelling and grammar errors in original). Schuster also states that "Shermer use a family member to supp a surgery Schuster had for a hernia death threats with no help and a devent that was played out he was only to be caught not allowed to practice in a marriage couples life[.]" Id. at 17 (spelling and grammar errors in original). Due to the absence of a cognizable claim within federal jurisdiction, Schuster's complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).

Schuster has previously filed a complaint containing similarly nonsensical statements and naming Shermer as a defendant, which was dismissed for failure to state a claim upon which relief may be granted and for lack of subject-matter jurisdiction. Schuster v. Shermer, 25-CV-4084-RAL, Docs. 1, 7 (D.S.D. 2025). Engaging in abusive litigation practices, such as repeatedly filing frivolous complaints, may affect a plaintiff's future eligibility to proceed in forma pauperis. Engel v. Corizon, No. 4:21-CV-00714-ACL, 2021 WL 2916664, at *2 (E.D. Mo. July 12, 2021) (citation omitted); see also Emrit v. Thune, No. 3:25-CV-03015-RAL, 2026 WL 1283852, at *2 (D.S.D. May 11, 2026) (recognizing that courts have discretion to deny motions for leave to proceed in forma pauperis for plaintiffs who have engaged in vexatious and abusive litigation tactics).

### III.    Motion to Appoint Counsel

Schuster also filed a motion to appoint counsel. Doc. 3. Because Schuster's claims are all dismissed, the motion to appoint counsel, Doc. 3, is denied as moot.

## IV.    Conclusion

Accordingly, it is

ORDERED that Schuster's motion for leave to proceed in forma pauperis, Doc. 2, is granted. It is further

ORDERED that Schuster's complaint, Doc. 1, is dismissed without prejudice for lack of subject-matter jurisdiction and under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). It is finally

ORDERED that Schuster's motion to appoint counsel, Doc. 3, is denied as moot.

DATED June 23, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

7